**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 13, 2026**

# In the Court of Appeals of Georgia

A25A1561. BANKS, et al. v. PIERCE.

RICKMAN, Presiding Judge.

In this personal injury case, Kyndyl Yvette Banks and Octavius Avery Smith appeal from the trial court's order granting Aaron Pierce's motion for sanctions for the spoliation of evidence. For the following reasons, we vacate the trial court's order and remand this case to the trial court for proceedings consistent with this opinion.

The relevant facts are not in dispute. On February 8, 2021, Pierce was driving a motorcycle that collided with a car owned by Banks that was driven by Smith. The car was towed to Shuman Services. Banks's insurance company, Trexis One Insurance Corp., contacted Shuman Services on February 10, 2021, and learned that there was a police hold on the car, which would need to be released before Trexis

could retrieve the car. A Trexis representative called again on February 24 and on March 1 and was told the police hold was still in effect.[1] Trexis next contacted Shuman Services in June 2022, and one of its representatives learned that the police hold had been lifted on March 8, 2021, and that Shuman Services had sold the car.

Shortly after the collision, Trexis learned that Pierce had retained an attorney to file a personal injury action. The letter of representation sent to Trexis instructed it to not "destroy, alter, spoil or dispose [of] any evidence related to this incident." After Pierce learned that the car had been sold, he filed a motion for spoliation sanctions and to exclude the appellants' expert from testifying.[2]

Following an evidentiary hearing, the trial court granted Pierce's motion, finding that Trexis, as the agent of the appellants, had a duty to preserve the car and acted in bad faith in failing to do so. The trial court further found that severe sanctions were warranted as this was "an exceptional case where Trexis completely failed to

---

[1] In September 2021, Trexis purported to accept Pierce's settlement offer. Pierce nevertheless filed suit in October 2021. Banks and Smith moved to enforce the settlement agreement, and the trial court granted the motion and entered judgment in favor of Banks and Smith. We reversed on appeal. *Pierce v. Banks*, 368 Ga. App. 496 (890 SE2d 402) (2023).

[2] In his motion, Pierce also challenged the validity of the expert's testimony, but the trial court did not reach this issue.

take any reasonable steps to preserve evidence central to the case." The trial court thus precluded both parties from offering any expert testimony:

> (1) as to any opinion that is based on any assumption that involves the acceleration, speed, braking, steering angle, longitudinal forces, and lateral forces of the [car] prior to or at the time of the impact or (2) as to any opinion based on computer generated measurements of crush damage. The Court shall also provide an instruction to the jury that the spoliated evidence in this case creates a rebuttable presumption that the evidence would have been harmful to Banks and Smith.

After the trial court issued a certificate of immediate review, the appellants filed an application for interlocutory appeal, which this Court granted. This appeal followed.

"The term 'spoliation' is used to refer to the destruction or failure to preserve evidence that is relevant to contemplated or pending litigation." *Phillips v. Harmon*, 297 Ga. 386, 393(II) (774 SE2d 596) (2015) (punctuation omitted). "Included within the trial court's inherent power to control the behavior of litigants and to maintain the integrity of the judicial process is the discretion to fashion appropriate sanctions for the spoliation of evidence." *Wilkins v. City of Conyers*, 347 Ga. App. 469, 472 (819 SE2d 885) (2018).

A trial court has wide discretion in adjudicating spoliation issues, and such discretion will not be disturbed absent abuse. Where a trial court makes findings of fact in ruling on a spoliation claim, this Court will uphold those findings if there is any evidence to support them, i.e., unless they are clearly erroneous.

*Cowan Systems v. Collier*, 361 Ga. App. 823, 823-24 (865 SE2d 619) (2021) (punctuation omitted). However, "[a] trial court abuses its discretion when its ruling is unsupported by any evidence of record or when that ruling misstates or misapplies the relevant law." *Davis v. RX Waterproofing and Foundation Repair*, 374 Ga. App. 179, 182(2) (911 SE2d 735) (2025) (punctuation omitted).

"When spoliation results from the acts of a third party, it is sanctionable against a litigant if the third party acted as the litigant's agent in destroying or failing to preserve the evidence." *Wilkins*, 347 Ga. App. at 472 (punctuation omitted). "Under Georgia law, an agency relationship exists where one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." Id. (punctuation omitted).

Once a trial court has determined that spoliation of evidence has occurred, the trial court should consider the following factors in crafting the appropriate penalty:

4

(1) whether the party seeking sanctions was prejudiced as a result of the destroyed evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether the destroying party acted in good faith or bad faith; and (5) the potential for abuse if any expert testimony about the destroyed evidence was not excluded.

*Cowan Systems*, 361 Ga. App. at 825 (punctuation omitted).

1. The appellants contend that the trial court erred by failing to consider whether Shuman Services was acting as the agent of the appellants or Trexis when it disposed of the car, and that Georgia law did not authorize any sanction because Shuman Services was a non-agent third party who spoliated the car of its own accord. This argument misses the mark.

As stated above, the term "spoliation" is used to refer to both the "destruction" and the "failure to preserve" evidence. *Phillips*, 297 Ga. at 393 (II). Pierce argued for sanctions below on the basis that Trexis, acting as the appellants' agent, failed to preserve the car, and the trial court imposed sanctions based on Trexis's failure to preserve the car. Consequently, we find no error in the trial court's failure to consider whether Shuman Services was acting as the agent of the appellants or Trexis when it disposed of the car.

2. The appellants contend that the trial court erred by imputing the conduct of Trexis to the appellants under agency principles. We disagree.

The trial court found that Trexis was acting as an agent for the appellants. The amended declarations for the Trexis insurance policy named Banks as an insured and her car as a covered vehicle. The insurance policy states that Trexis had "the right to investigate, negotiate, defend against and settle any claim or suit for damages." A representative of Trexis deposed that she agreed that Smith is covered under the policy. The Trexis representative acknowledged that Trexis had stated to Banks "that it would take possession of the vehicle and asked Ms. Banks to release the vehicle to Trexis." In an affidavit, the same Trexis representative stated that Banks gave Trexis permission to take possession of the car once the police hold was lifted. The Trexis representative agreed that "everything that was done relating to this case was being done on behalf of [the appellants] because of the insurance policy that was purchased by Ms. Banks." At the hearing, Banks testified that she relied on Trexis to handle preserving evidence. Thus, evidence in the record supports the trial court's finding that Trexis was acting as the appellants' agent. Consequently, the trial court did not abuse its discretion in finding that an agency relationship existed. See *Bouvé & Mohr,*

6

*LLC v. Banks*, 274 Ga. App. 758, 764(1) (618 SE2d 650) (2005) (applying "our necessarily deferential standard of review" and finding the trial court's determination that an agency relationship existed supported by evidence in the record).

3. The appellants argue that the trial court's sanctions are far too severe because the appellants were, at most, merely negligent in discharging their preservation duties. We agree that the trial court's sanctions are too severe.

"On occasion, the trial court may determine in its discretion that severe sanctions, such as an instruction to the jury to presume rebuttably that the evidence was adverse to the spoliating party's claim or defense, the entry of a default judgment, or the dismissal of the case, are appropriate." *Wilkins*, 347 Ga. App. at 473 (punctuation omitted). "Significantly, however, those sanctions are reserved for exceptional cases — namely, those in which the party lost or destroyed material evidence intentionally in bad faith and thereby prejudiced the opposing party in an uncurable way." Id. (punctuation omitted). "On the other hand, the loss of relevant evidence due to mere negligence normally should result in lesser sanctions, if any at all." Id. (punctuation omitted). "Indeed, negligent or even grossly negligent behavior does not logically support the inference that the missing evidence was unfavorable to

7

the party responsible for its loss or destruction because information lost through negligence may have been favorable to either party, including the party that lost it, and inferring that it was unfavorable to that party may tip the balance at trial in ways the lost information never would have." Id. (punctuation omitted).

Here, there is no evidence that either the appellants or Trexis intentionally lost or destroyed evidence. Consequently, this is not an "exceptional case" warranting severe sanctions. See *Wilkins*, 347 Ga. App. at 473. Accordingly, we vacate the trial court's order granting Pierce's motion for sanctions and remand this case to the trial court "to fashion a remedy more appropriate to the circumstances of this case and consistent with this opinion." Id. at 474.

*Judgment vacated and case remanded with direction. Gobeil and Davis, JJ., concur.*